OPINION
Appellant Brian Balderson appeals the decision of the Stark County Court of Common Pleas that dismissed his petition for post conviction relief as untimely. The following facts give rise to this appeal. In August 1998, the Stark County Grand Jury indicted appellant for one count of aggravated vehicular homicide, one count of driving while intoxicated, one count of driving under suspension, one count of failure to comply with order or signal of a police officer, and one count of receiving stolen property. Appellant entered a plea of not guilty at his arraignment. This matter proceeded to trial on September 21, 1998. However, after the commencement of trial, appellant changed his plea and entered a guilty plea. The trial court sentenced him to eight and one-half years of incarceration. Thereafter, on March 5, 1999, appellant filed a motion for leave to file a delayed appeal and motion to withdraw his guilty plea. The trial court denied appellant's motion to withdraw his guilty plea. Appellant appealed to this court and we affirmed the trial court's decision. On November 1, 1999, appellant filed a petition for post conviction relief. The trial court dismissed appellant's petition on timeliness and res judicata grounds. Appellant filed this appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT, BY ENTERING JUDGMENT OF CONVICTION AND SENTENCE FOLLOWING A CHANGE OF PLEA AFTER A PARTIAL TRIAL IN WHICH APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL. (SIC) TO WHICH HE IS ENTITLED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES AND ARTICLE I. § 10 OF THE OHIO CONSTITUTION.
 II. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN ENTERING JUDGMENT OF CONVICTION FOLLOWING A PARTIAL TRIAL AND SUBSEQUENT CHANGE OF PLEA REPLETE WITH MANY INSTANCES OF PREJUDICIAL PROSECUTORIAL MISCONDUCT, DENYING TO THE APPELLANT THE FUNDAMENTALLY FAIR TRIAL SECURED TO HIM BY THE DUE PROCESS CLAUSE OF THE CONSTITUTION OF THE UNITED STATES, AND THE CONCOMITANT RIGHTS UNDER THE OHIO CONSTITUTION, ART. I. §§ 10, 16.
 III. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT'S RIGHTS TO DUE PROCESS OF LAW SECURED TO HIM BY THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES, AND BY THE OHIO CONSTITUTION, ART. I. $$ (SIC) 10, 16, IN ENTERING JUDGMENT OF CONVICTION FOLLOWING A PARTIAL TRIAL AND SUBSEQUENT CHANGE OF PLEA, WITH MANY INSTANCES OF PROSECUTORIAL MISCONDUCT.
 IV. THE JUDGMENT OF CONVICTION IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.
 V. THE JUDGMENT OF CONVICTION IS CONTRARY TO LAW AND TO THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES IN THAT THERE WAS INSUFFICIENT EVIDENCE ADDUCED TO ESTABLISH EACH AND EVERY ELEMENT OF THE OFFENSES BEYOND A REASONABLE DOUBT.
 VI. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN ENTERING JUDGMENT OF CONVICTION AND IMPOSING AFTER A PARTIAL TRIAL AND SUBSEQUENT CHANGE OF PLEA IN WHICH CUMULATIVE AND INCREMENTAL EFFECT OF MULTIPLE ERRORS DEPRIVED THE APPELLANT OF THE FUNDAMENTALLY FAIR TRIAL REQUIRED BY THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I. § 16 OF THE OHIO CONSTITUTION.
 VII. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN DENYING APPELLANT'S PETITION FOR POST-CONVICTION RELIEF PURSUANT TO 2953.21 WITHOUT AN EVIDENTIARY HEARING, WHEN SUFFICIENT EVIDENCE WAS SUBMITTED TO RENDER SUCH JUDGMENT VOID OR VOIDABLE PURSUANT TO THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES.
 VIII. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT, BY FAILING TO GRANT AN EVIDENTIARY HEARING, WITHOUT PROVIDING APPELLANT WITH A COMPLETE TRANSCRIPT OF PROCEEDINGS, DENYING APPELLANT'S RIGHT TO DUE PROCESS SECURED TO HIM BY THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES.
 IX. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN DENYING APPELLANT AN EVIDENTIARY HEARING, DENYING APPELLANT TO (SIC) FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS, GUARANTEED IN THE CONSTITUTION OF THE UNITED STATES, AND ALSO CONTRARY TO OHIO REVISED CODE § 2953.21.
 I, II, III, IV, V, VI
Appellant's first six assignments of error address various issues related to his partial trial and guilty plea. These assignments of error have nothing to do with the trial court's decision concerning his petition for post conviction relief. The issues appellant raises in these assignments of error are as follows: (1) ineffective assistance of trial counsel in the preparation for and conduct of the trial; (2) prosecutorial misconduct at trial; (3) prosecutorial misconduct for committing Brady violations; (4) the conviction is against the manifest weight of the evidence; (5) the conviction is not supported by sufficient evidence; and (6) multiple errors at trial deprived appellant of due process of law. We overrule all of these assignments of error on the basis that these issues are res judicata. None of these claims address the merits of the trial court's decision to dismiss appellant's petition for post conviction relief as untimely. Accordingly, appellant's First, Second, Third, Fourth, Fifth and Sixth Assignments of Error are overruled.
 VII, VIII, IX
In his Seventh, Eighth and Ninth Assignments of Error, appellant contends he was entitled to an evidentiary hearing on his petition for post conviction relief and the trial court erred when it dismissed his petition. We disagree. In his brief, appellant concedes he filed his petition for post-conviction relief out of time. However, he maintains that he satisfied the requirements of R.C. 2953.23 for justifiable tardy filings of petitions for post conviction relief. R.C. 2953.23 permits the filing of a petition for post conviction relief, outside the time parameters, if the following requirements are met: (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applied retroactively to person in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
* * *
The trial court found that appellant did not satisfy these requirements in his petition for post conviction relief. A review of the petition establishes that appellant did not address the timeliness issue in his petition, although on appeal, appellant claims he met these requirements. Further, the evidence appellant relies on consists of allegedly perjured testimony by Alliance City Police Officers; a blood-alcohol test that may not be appellant's; and narcotics that were given appellant by hospital emergency personnel, prior to his drug screen test, which apparently indicated the presence of cocaine. This evidence does not establish the existence of an alleged conspiracy to frame him. Nor do we find this evidence would have resulted in a different outcome at trial, especially since appellant entered a guilty plea. The trial court did not err when it found appellant untimely filed his petition for post conviction relief and failed to satisfy the statutory requirements for a tardy filing. Thus, appellant was not entitled to a hearing on his petition and the trial court properly dismissed the petition as untimely filed. Appellant's Seventh, Eighth, and Ninth Assignments of Error are overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
 _____________________ Wise, J.
By: Farmer, P.J., and Edwards, J., concur.